# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., | ) |
| Plaintiffs, | ) |
| v. | ) No. 6:14-cv-03335-NKL |
| CITY OF SPRINGFIELD, | ) |
| Defendant. | ) |

## ORDER

This case was originally filed in Greene County, Missouri Circuit Court and removed by Defendant City of Springfield. Doc. 1. Before the Court are Springfield's motion to consolidate this case, Doc. 6, with *City of Boonville, et al. v. Tracfone Wireless, Inc.,* no. 2:14-cv-04157-NKL, and Plaintiff Tracfone Wireless Inc.'s motion to remand this case to state court, Doc. 14.[1] The motion to consolidate is granted and the motion to remand is denied.

**I.    Background**

By ordinance, Section 70-45, the City of Springfield imposes a local tax on suppliers of telephones and related services, specifically:

> Every person engaged in the business of supplying telephones and telecommunications and telephonic services, and telecommunications services, within the city shall pay as a license tax a sum equal to six percent of the gross receipts from such business.

---

[1] Tracfone has also filed a motion to dismiss or stay, Doc. 9, in case no. 2:14-cv-04157-NKL.

The City of Boonville has a similar ordinance, Section 10-99:

> Every person engage in the business of providing telephone service for compensation in the city shall pay to the city as a license tax a sum equal to five (5) percent of the gross receipts from such a business.

Tracfone has not paid either city's tax. Although both cities maintain that Tracfone should be doing so, neither city has issued an assessment against Tracfone.

TracFone filed a declaratory judgment action against Springfield in the Circuit Court of Greene County, Missouri, on June 19, 2014. Tracfone alleged it is "not engaged in the business of supplying 'telephonic service' or 'telecommunications service' as" defined by Missouri law, and that it is "not 'engaged in the business of supplying telephones, and telecommunications and telephonic services, and telecommunications services, within the city'" of Springfield for purposes of the local tax ordinance. Doc. 1-1, p. 3. Tracfone alleges it "has a legally protectable constitutional and pecuniary interest in not being subject to unlawful taxation by Springfield." *Id.* More specifically, Tracfone takes the position that it is based out of state, has no physical presence in Springfield, and that application of the local tax to it would violate the dormant Commerce Clause, Doc. 1-9, pp. 3-4. Springfield filed a motion to dismiss, but the Greene County Circuit Court denied the motion. Springfield then removed Tracfone's state case to federal court and eventually the matter was reassigned to this Court.

On June 20, 2014, one day after Tracfone filed its case in Greene Court, the Cities of Springfield and Boonville filed a declaratory judgment action against TracFone in this Court, case no. 2:14-cv-04157-NKL, seeking a declaratory judgment that their respective

2

ordinances apply to Tracfone, and an injunction, accounting, and order requiring payment of back taxes.

Tracfone now seeks to remand its declaratory action to state court and Springfield and Boonville seek to consolidate all the declaratory actions here.

**II.   Discussion**

A court may order consolidation when actions involve a common question of law or fact. Fed. R. Civ. Pro. 42(a). There is no disagreement that the instant case and case no. 2:14-cv-04157-NKL are essentially mirror images of one other.

The gravamen of Tracfone's opposition to consolidation and its motion to remand is that the Court lacks subject matter jurisdiction because of the Tax Injunction Act (TIA), 28 U.S.C. § 1341. The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Relying on *Hibbs v. Winn,* 542 U.S. 88, 101 (2004), Springfield argues that the TIA does not apply when there has been no action by the government to assess, levy or collect a tax. It also argues that the TIA does not bar federal subject matter jurisdiction when it is the taxing authority that seeks declaratory judgment in federal court. The Court agrees with the second argument and therefore finds it has subject matter jurisdiction to hear Tracfone's request for declaratory judgment. Springfield is the party that invoked federal court jurisdiction and therefore the TIA does not bar subject matter jurisdiction over Tracfone's request for declaratory judgment. *See, Jefferson County v*

*Acker,* 527 U.S. 423, 433-434 (1999); *City of Jefferson v. Cingular Wireless,* 531 F.3d 595, 604 (8th Cir. 2008).

### III. Conclusion

Springfield's motion to consolidate this case, Doc. 6, with *City of Boonville, et al. v. Tracfone Wireless, Inc.,* no. 2:14-cv-04157-NKL, is granted.

Tracfone's motion to remand, Doc. 14, is denied without prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: September 17, 2014  
Jefferson City, Missouri